UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-cv-21889-ALTMAN/Sanchez

**JESUS GONZALEZ**,

    *Plaintiff*,

v.

**FARMACIA 22-24 CENTRO, INC.**, *et al.*,

    *Defendants*.

_____/

## ORDER REQUIRING VERIFIED CERTIFICATE OF COUNSEL REGARDING ANY PRIOR FILINGS UNDER THE AMERICANS WITH DISABILITIES ACT AND VERIFIED AFFIDAVIT REGARDING VISITS TO PROPERTY

The Complaint alleges violations by the Defendant of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12181, *et seq.* Counsel for the Plaintiff shall file a verified response to this Order, which must include:

1. Whether counsel has conducted a search of case filings in the *records* of the Clerk of the United States District Court for the Southern District of Florida to ascertain whether the Defendant or the Defendant's property has ever been sued *prior to the filing of this suit* for any alleged violations of the ADA. If counsel did not conduct such a search prior to the filing of this lawsuit, counsel shall conduct that search prior to responding to this Order and indicate the results of that search in a verified response.

2. If there has been a prior suit of the nature referred to in paragraph 1, *supra*, counsel shall include in the verified response information about the present status of that litigation, if it is pending, and, if not pending, the nature of the disposition (i.e., settlement, dismissal, other).

3. If a prior suit of the nature described in paragraph 1 was resolved by settlement, counsel shall furnish to the Court specific details of that settlement, including any agreement for attorney's

fees and costs that is either known to counsel or which can be ascertained with reasonable inquiry. Copies of these documents shall be furnished with the response to this Order. Counsel shall also explain whether the Defendants (and/or property owned by the Defendants) has complied with any settlement agreement and, if not, what actions the Defendants must take to comply with that settlement agreement.

4. Counsel shall explain what efforts were taken by the parties to the prior litigation to enforce the terms of any prior settlement agreement. Specifically, counsel shall indicate whether the property owner made any of the necessary repairs to the property to try to bring it into compliance with the ADA, and, if not, what efforts the parties in the prior litigation have taken to enforce the prior settlement agreement.

5. To have standing[1] to seek injunctive relief under the ADA, a plaintiff "must show a sufficient likelihood that he will be affected by the allegedly unlawful conduct in the future." *Houston v. Marod Supermarkets, Inc.*, 733 F.3d 1323, 1334 (11th Cir. 2013) (citation omitted); *see also Shotz v. Cates*, 256 F.3d 1077, 1081 (11th Cir. 2001) ("In ADA cases, courts have held that a plaintiff lacks standing to seek injunctive relief unless he alleges facts giving rise to an inference that he will suffer future discrimination by the defendants."). Accordingly, the named plaintiff shall, in a filed and **verified affidavit**, explain in detail both his or her past visits to the subject property and any specific plans to return to the property in the future. This affidavit must contain precise dates and concrete plans. A simple recitation that the Plaintiff intends to return to the property "some day" will not suffice. "Such 'some day' intentions—without any description of concrete plans, or indeed even any specification of

---

[1] "A federal court not only has the power but also the obligation at any time to inquire into jurisdiction whenever the possibility that jurisdiction does not exist arises." *Fitzgerald v. Seaboard Sys. R.R., Inc.*, 760 F.2d 1249, 1251 (11th Cir. 1985) (citations omitted). It is the Court's responsibility to "zealously [e]nsure that jurisdiction exists over a case." *Smith v. GTE Corp.*, 236 F.3d 1292, 1299 (11th Cir. 2001).

*when* the some day will be—do not support a finding of the 'actual or imminent' injury that our cases require." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 564 (1992) (citation omitted).

It is therefore **ORDERED** that Plaintiff's counsel shall file a verified response to this Order by **May 30, 2024**. In addition, the named plaintiff shall file a verified affidavit regarding his past visits to the property, as well as a description of his concrete plans to return to it, by that date.

**DONE AND ORDERED** in the Southern District of Florida on May 16, 2024.

_____
**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**

cc: counsel of record